IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIM. NO. PX-21-262 |
| | * | |
| DAVON HAMMOND, | * | |
| | * | |
| Defendant. | * | |
| | ******* | |

**GOVERNMENT'S OMNIBUS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR BRADY VIOLATION AND MOTION TO OBTAIN COPIES OF SEALED PLEADINGS**

The United States of America, by and through Erek L. Barron United States Attorney for the District of Maryland, and Jared Engelking, Special Assistant United States Attorney, submits this Omnibus Response in Opposition to ECF 111 and 113, filed *pro se* by the Defendant, and construed by this Court as a Motion to Dismiss for Brady Violation, and a Motion to Obtain Copies of Sealed Pleadings, respectively. For the reasons stated below, the Court should deny the Defendant's motions without a hearing.

**BACKGROUND**

On July 7, 2021, the Defendant was charged by complaint with assaulting an intimate partner and transporting a handgun on a highway. ECF 1. At the Defendant's initial appearance that same day, the magistrate judge appointed the Federal Public Defender's office to represent him. The grand jury returned an indictment on July 14, 2021 that charged the Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and assault resulting in substantial bodily injury to an intimate partner, in violation of 18 U.S.C. § 113(a)(7). The Assistant Public Defender filed her line of appearance that same day.

1

In the next few months, the Defendant, represented by the Federal Public Defender's office, filed several pretrial motions and responded to motions filed by the Government. ECF 23, 24, 25, 31, 36, 37, 61, 66, 68. The Court issued a scheduling order that set trial for begin May 9, 2022. ECF 44.

On April 18, 2022, apparently as a result of communications among the Defendant, his defense counsel, and the Court, this Court set the case for an attorney inquiry hearing before a magistrate judge. ECF 70. The Government was not present at that hearing, which occurred April 20, 2022. ECF 76. After that hearing, the public defender was stricken as counsel, and new CJA counsel was appointed to represent the defendant. The Government promptly provided CJA counsel with all discovery materials and the Government's proposed trial documents, including *voir dire* and jury instructions, along with copies of pleadings filed by the Government.

Meanwhile, the Defendant continued his *pro se* attempts to correspond with the Court, and on April 28, 2022, this Court held an in-person status hearing to respond to the Defendant's request that he represent himself. The Court was unable to complete the hearing and conduct the *Faretta* inquiry because the Defendant would not respond to the Court's questions. ECF 76. Newly appointed defense counsel was present.

On May 2, 2022, the case was called for a virtual status hearing. During the hearing, the Defendant still would not respond to the Court questions. He kept speaking, interrupted the Court, and refused to listen to the judge. The hearing again ended without a ruling and was reset to May 10, 2022. ECF 83. Appointed defense counsel was present.

On May 10, 2022, the hearing convened in person. The Court painstakingly explained to the Defendant his right to counsel and right to represent himself. Ultimately, at the request of the Defendant, and following an inquiry consistent with *Faretta v. California*, 422 U.S. 806 (1975),

the Court ruled that the Defendant was competent to represent himself. Previously appointed defense counsel remained in the case to provide stand-by assistance. ECF 86.

Once the Court ruled that the Defendant could represent himself, the Defendant announced that he wanted to plead guilty to the indictment without a plea agreement. The Court recessed to allow the parties to discuss a plea. Upon reconvening, the Court conducted a hearing pursuant to Federal Rule of Criminal Procedure 11 and the Defendant entered guilty pleas, *pro se*, to both counts of the indictment. The Court, after finding that the Defendant's plea was knowing, voluntary, and supported by a factual basis, accepted it, and set the case for sentencing.

Almost immediately after entering his guilty plea, the defendant began filing *pro se* handwritten pleadings. On June 13, 2022, the Court directed the Government to respond to ECF 92, which it is construing as a Motion for Withdrawal of Plea. ECF 101. The Government filed its response on June 21, 2022, ECF 105, and the Court has not yet ruled on the Defendant's motion.

On August 16, 2022, the Court ordered the Government to respond to ECF 111 and 113, which it is construing as a Motion to Dismiss for Brady Violation and a Motion to Obtain Copies of Sealed Pleadings, respectively.

**ARGUMENT**

**I.     The Defendant's Motion to Obtain Copies of Sealed Pleadings (ECF 113) should be denied.**

The Defendant moves to obtain copies of sealed pleadings filed by the Government on April 1, 2022, ECF 55-60, and by his own counsel on April 20, 2022, so he can "refer to them in subsequent filings." ECF 113. For the following reasons, the Defendant's motion should be denied.

3

The Defendant is seeking access to the Government's motions *in limine*, which were filed under seal because they contain sensitive information that is further discussed in the Government's Motion to Seal at ECF 55. At the time of these filings, the Defendant was represented by the Federal Public Defender and thus had access to these documents through his counsel. The Defendant still has access to these documents through stand-by counsel, who received, upon counsel's appointment in this case, a copy of the Government's prior pleadings. To the extent stand-by counsel cannot locate these items, the Government will furnish a copy to him. The Government consents to the Defendant being able to review these documents in the presence of his stand-by counsel, but he should not be provided with copies of the filings which could potentially be seen by other inmates at the correctional facility. Further, to the extent the Defendant seeks to use any such information in "subsequent filings," as he has suggested, such filings should be made under seal.

The Government did not receive the sealed pleadings from April 20, 2022 that the Defendant is seeking and therefore cannot take a position on the substance of those pleadings. These pleadings were filed by the Defendant's previous counsel, the Federal Public Defender. The Defendant's attorney inquiry hearing occurred on April 20, 2022. The Government was not present during that hearing. The Government presumes the sealed filings from April 20, 2022 are related to the Defendant's attorney inquiry hearing. Nevertheless, the Government anticipates that the Defendant could obtain access to such documents through appointed stand-by counsel or his prior counsel.

**II.     The Defendant's Motion to Dismiss For A *Brady* Violation (ECF 111) is meritless and should be denied.**

The Defendant's filing at ECF 111 purports to be a motion to dismiss his case for a "*Brady* Violation." The Defendant's motion is meritless and should be denied for a myriad of reasons.

First, the Defendant's motion is not a *Brady* motion. Instead, the Defendant's motion cites the denial of "effective assistance of Counsel guaranteed by the Sixth Amendment, United States Constitution" as the reason for his request for dismissal. ECF 111.  This Court already denied the Defendant's Motion to Dismiss for Ineffective Assistance of Counsel, *see* ECF 116, because the Defendant is representing himself.  Also, claims of ineffective assistance of counsel must be raised in a 28 U.S.C. § 2255 motion for post-conviction relief rather than on direct appeal, unless the appellate record conclusively demonstrates ineffective assistance. *United States v. Benton*, 523 F.3d 424, 435 (4th Cir.2008). At this time, the Defendant has not been sentenced and has a pending motion to withdraw his guilty plea. Moreover, the Defendant chose to represent himself *before* he plead guilty, and the Court went through extraordinary efforts to ensure the Defendant's plea was knowing, intelligent, and voluntary. *See* ECF 105. A defendant who elects to represent himself cannot thereafter complain that quality of his own defense amounted to denial of effective assistance of counsel. *See Faretta v. California*, 422 U.S. 806, 834 (1975).

Second, although not contained in his "Motion to Dismiss for a *Brady* Violation," the Defendant's "Supplement to Motion to Withdraw Guilty Plea" includes a reference to three documents that the Defendant claims not to have received, which might be construed as a complaint under *Brady*. *See* ECF 112 at 3-4. The Defendant initially alleges he never received three letters drafted by the Victim: an April 5, 2022 letter, a June 6, 2022 letter, and a June 21,

5

2022 letter. *Id*. There are three components of a *Brady* violation: (1) the evidence at issue must be favorable to the accused; (2) that evidence must have been suppressed by the government, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). It is the Defendant's burden to show all three elements. *Fullwood v. Lee*, 290 F.3d 663, 685 (4th Cir. 2002). Here, Defendant has not met his burden as his "motion" fails to show any of the three elements.

In the same paragraph where the Defendant alleges he never received the letters, he admits that *he already possesses* the letters. ECF 112 at 4. He clearly states, "[I] have all 3 of the letters. . . ." Consequently, even if he could satisfy the first two elements of a *Brady* violation, which he cannot, there can be no prejudice. *See United States v. Higgs*, 663 F.3d 726, 735 (4th Cir. 2011) ("There is no *Brady* violation if the evidence is available to the defense from other sources or the defense already possesses the evidence); *Fullwood v. Lee*, 290 F.3d 663, 686 (4th Cir.2002) (finding information actually known by the defendant falls outside the ambit of the *Brady* rule).

Additionally, the Government provided all of the Defendant's attorneys—the Federal Public Defenders and stand-by-counsel—with the April 5, 2022 letter. The Government provided the April 5, 2022 letter to the Federal Public Defenders in its tenth discovery production on April 6, 2022. The Defendant discharged the Federal Public Defenders on April 20, 2022 after an attorney inquiry hearing. After that hearing, new stand-by counsel was appointed to assist the Defendant who elected to proceed *pro se*. The Government promptly provided stand-by counsel with all discovery materials on April 28, 2022, including the April 5, 2022 letter.

The Defendant claims he needs the letters "so i can have time to prepare a proper defence [sic]." ECF 112 at 4. But the Defendant plead guilty on May 10, 2022. The June 6, 2022 letter

6

and the June 21, 2022 letter post-date his guilty plea. Thus, the letters cannot be material because they did not exist at the time of his guilty plea. *United States v. Bartko*, 728 F.3d 327, 338 (4th Cir.2013) (finding evidence is "material" only if it is "likely to have changed the verdict"). Additionally, the two June 2022 letters contain the same substance as the April 5, 2022 letter disclosed through the Defendant's counsel. The June 2022 letters are therefore not material as they contain information already available to the Defendant.

Moreover, both of the June 2022 letters were, and still are, posted to the docket. The June 6, 2022 letter is ECF 96, and is publicly available. No *Brady* violation exists when the evidence is publicly available. *United States v. Willis*, 277 F.3d 1026, 1034 (8th Cir.2002) ("Publicly available information which the defendant could have discovered through reasonable diligence cannot be the basis for a *Brady* violation.").

The June 21, 2022 letter is ECF 106. Though this document is sealed, and thus not publicly available, the letter is available to Defendant's stand-by counsel. The Defendant can merely request the letter from the Court through stand-by counsel. Even though the Defendant claims to already possess the letter, as with the sealed filings discussed previously, the Government has no objection to the Defendant reviewing this letter in the presence of stand-by counsel. There can be no *Brady* violation when the evidence is equally available to all parties. *United States v. Catone*, 769 F.3d 866, 871–72 (4th Cir. 2014) ("No *Brady* violation exists when the evidence is available to the defense from other sources or through a diligent investigation by the defense.") (*citing Higgs*, 663 F.3d at 735).

## **CONCLUSION**

For the reasons stated above, the Court should deny the Defendant's motions without a hearing.

Respectfully submitted,

Erek L. Barron
United States Attorney

__/s/_____
Jared C. Engelking
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 19, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, that I emailed a copy to Defendant's stand-by counsel, Mark Hall, and that I sent a copy to the Defendant via U.S. mail.

                                                                                                                                                            /s/_____
                                                Jared C. Engelking
                                                Special Assistant United States Attorney